J. S42037/17

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :     IN THE SUPERIOR COURT OF
                                        :            PENNSYLVANIA
                  v.               :
                                           :
JAMES LESLIE FLOWERS, JR.,     :         No. 97 MDA 2017
                                           :
             Appellant     :


Appeal from the Judgment of Sentence, October 12, 2016,
in the Court of Common Pleas of Schuylkill County
Criminal Division at No. CP-54-CR-0001181-2015


BEFORE: OLSON, J., MOULTON, J., AND FORD ELLIOTT, P.J.E.


MEMORANDUM BY FORD ELLIOTT, P.J.E.:       **FILED JANUARY 30, 2018**

James Leslie Flowers appeals ***pro se*** from the October 12, 2016 judgment of sentence entered in the Court of Common Pleas of Schuylkill County[1] following his conviction in a jury trial of delivery of a controlled substance, possession with intent to deliver a controlled substance, and

---

[1] Appellant filed his appeal from the December 7, 2016 order denying his post-sentence motion. In the criminal context, an appeal properly lies from the judgment of sentence, not an order denying post-sentence motions. ***Commonwealth v. Dreves***, 839 A.2d 1122, 1125 n.1 (Pa.Super. 2003) (***en banc***). The caption, therefore, has been amended to reflect that this appeal is from the October 12, 2016 judgment of sentence.

possession of a controlled substance.[2]  The trial court imposed a sentence of

27 to 54 months of imprisonment.[3]  We affirm.

In a prior memorandum, we set forth the following procedural history:

> The record reflects that on June 15, 2015, Attorney Andrea Thompson of the Office of the Public Defender entered her appearance on appellant's behalf and represented appellant through trial. Following trial, but before sentencing, and while still being represented by Attorney Thompson, appellant commenced **pro se** filings with the trial court, which included a "notice of appeal," a "motion for stay of sentencing pending appeal," and a Post-Conviction Relief Act[Footnote 4] petition alleging, among other things, ineffective assistance of Attorney Thompson. (**Pro se** notice of appeal, 9/13/16; **pro se** motion for stay of sentencing pending appeal, 9/13/16; **pro se** PCRA petition, 9/13/16; Docket ##30, 32 & 33, respectively).  On September 16, 2016, Attorney Thompson filed a motion to withdraw as counsel, alleging her inability to represent appellant because of the "outrageous and spurious allegations" appellant made against her.  (Motion to withdraw as counsel, 9/16/16.)  On September 26, 2016, the trial court entered an order granting Attorney Thompson's motion to withdraw as counsel and appointing Claude A.L. Shields, Esq., to represent appellant.  (Order of court, 9/26/16.) Despite being represented by Attorney Shields, appellant filed a **pro se** motion challenging the trial court's jurisdiction over appellant.  (**Pro se** motion to challenge jurisdiction, 10/11/16; Docket #40.)
>
> [Footnote 4] 42 Pa.C.S.A. §§ 9541-9546.
>
> The trial court held a sentencing hearing on October 12, 2016, at which Attorney Shields

---

[2] Counts I and II in violation of 35 P.S. § 780-113(a)(30) and Count III in violation of 35 P.S. § 780-113(a)(16).

[3] For sentencing purposes, Counts II and III merged with Count I.

represented appellant. Because appellant disrupted those proceedings, the trial court held appellant in direct criminal contempt of court, sentenced him to 30 days in prison, and had him removed from the sentencing hearing and taken into custody. (Notes of testimony, 10/12/16 at 3.) The sentencing hearing then proceeded without appellant. Prior to imposition of sentence, Attorney Shields informed the trial court that appellant had indicated to counsel that appellant did not want counsel's representation. (*Id.* at 6-7.) Attorney Shields further informed the trial court that communication between counsel and appellant is "totally broke [sic] down." (*Id.* at 7.) Attorney Shields stated that although he would be representing appellant at the sentencing hearing, he would be filing a motion to withdraw. (*Id.*) Thereafter, the trial court imposed sentence. (*Id.* at 11; *see also* order of court, 10/12/16; Docket #41.)

On October 13, 2016, Attorney Shields filed a post-sentence motion on appellant's behalf and simultaneously filed a motion to withdraw as counsel. In that motion to withdraw, Attorney Shields alleged that because counsel informed appellant that appellant had no basis to challenge the trial court's jurisdiction over him, appellant refused to communicate with counsel. (Motion to withdraw as counsel, 10/13/16; Docket #44.) On November 10, 2016, the trial court granted Attorney Shields's motion to withdraw as counsel and further "ordered that [appellant] may represent himself *pro se* and that [Attorney] Shields is appointed to serve as standby counsel." (Order of court, 11/10/16; Docket #53.) On December 7, 2016, the trial court denied appellant's post-sentence motion.

The record further reveals that appellant filed a "motion for extraordinary relief to the [trial] court," which was docketed on November 29, 2016, and states:

- 3 -

> And now, [appellant]/***pro se***, James Leslie Flowers, hereby motions the court as follows:
>
> 1. The order of court on the 10th day of November, granted the motion of defense counsel to withdraw his appearance in the matter, and his appearance is withdrawn.
>
> 2. It is further ordered that [appellant] may represent himself ***pro se***, and that Claude A. Lord Shields, Esquire is appointed to serve as standby counsel.
>
> WHEREFORE, [appellant]/***pro se***, James Leslie Flowers request that this Honorable Court to grant, extraordinary relief, so that ***pro se*** [appellant] may seek proper legal advice from attorney's at law, who specialize in the nature of these charges brought forth, and further be appointed appeal bail to reinstate the bail that [appellant]/***pro se***, James Flowers is therefore capable, and knowledgeable to properly litigate these proceedings.

***Pro se*** motion for extraordinary relief to the court, 11/29/16; Docket #56 (numerous grammatical errors occur in original).

On December 2, 2016, the trial court entered an order denying appellant's motion for extraordinary relief. (Order of court, 12/2/16; Docket #58.) Appellant then filed a ***pro se*** notice of appeal to this court.[Footnote 5] (***Pro se*** notice of appeal, docketed 1/13/17; Docket #65.) The trial court then ordered appellant to file a concise statement of errors complained of on appeal

pursuant to Pa.R.A.P. 1925(b), and appellant timely complied pro se. The trial court then filed its Rule 1925(a) opinion.

> [Footnote 5] The notice of appeal is dated January 6, 2017, but time-stamped as being docketed on January 13, 2017. In an abundance of caution, based upon the prisoner mailbox rule, we deem the notice of appeal timely filed. *See **Commonwealth v. Chambers***, 35 A.3d 34, 38 (Pa.Super. 2011) (holding "a ***pro se*** prisoner's document is deemed filed on the date he delivers it to prison authorities for mailing") (citation omitted)).

Appellant has now filed a ***pro se*** brief with this court raising six issues. Based on the record before us, however, we cannot consider the issues that appellant requests that we review because we find that the trial court violated appellant's right to counsel on direct appeal. ***See Commonwealth v. Wrecks***, 931 A.2d 717, 722 (Pa.Super. 2007) (reiterating that a criminal appellant has a constitutional right to counsel on direct appeal). Here, nothing in the record supports the conclusion that appellant requested Attorney Shields to withdraw, waived his right to counsel on appeal, or desired to proceed ***pro se*** on appeal. We are, therefore, constrained to remand for a ***Grazier***[Footnote 6] hearing. If appellant wishes to represent himself, we will proceed to the merits on appeal considering his ***pro se*** brief.

> [Footnote 6] ***Commonwealth v. Grazier***, 713 A.2d 81 (Pa. 1998).

***Commonwealth v. Flowers***, 2017 Lexis 3136, at *1-7 (Pa.Super.

August 18, 2017) (unpublished memorandum).

- 5 -

On August 18, 2017, we remanded this matter to the trial court to conduct a *Grazier* hearing to determine whether appellant's decision to proceed *pro se* on direct appeal was a knowing, intelligent, and voluntary one. On September 14, 2017, the trial court filed an order with this court, dated September 12, 2017, attaching a certified transcript of its November 10, 2016 hearing with counsel and appellant with respect to Attorney Shields's motion to withdraw as appellant's counsel and certifying its conclusion that appellant "was acting knowingly, intelligently, voluntarily and understandingly, and that the *Grazier* requirements had been fulfilled." (Order of court, 9/12/17.) The attached hearing transcript, however, failed to demonstrate that the trial court conducted a proper colloquy of appellant that examined the relevant factors set forth in Pa.R.Crim.P. 121 with respect to appellant representing himself on direct appeal. Therefore, by order entered October 11, 2017, we remanded again to the trial court to conduct a proper *Grazier* hearing.

This court has recognized that following a trial, there are several factors regarding waiver of counsel that are no longer relevant. *Commonwealth v. Meehan*, 628 A.2d 1151, 1157 (Pa.Super. 1993), *appeal denied*, 649 A.2d 670 (Pa. 1994). Our decision in *Meehan* was "specifically cited with approval in our supreme court's pronouncement in *Grazier*." *Commonwealth v. Robinson*, 970 A.2d 455, 459 (Pa.Super. 2009). The *Meehan* court "addressed whether the defendant had validly

waived his rule-based right to counsel for purposes of a [Post Conviction Relief Act ("PCRA")] hearing." *Id.* Similar to a PCRA proceeding, several Pa.R.Crim.P. 121 factors regarding waiver of counsel are not relevant during post-sentence motions and direct appeal.

When a defendant waives his or her right to counsel after trial, the waiver of counsel colloquy must demonstrate that the defendant understood "(1) his right to be represented by counsel; (2) that if he waived this right, he will still be bound by all normal procedural rules; and (3) that many rights and potential claims may be permanently lost if not timely asserted." *Id.*, citing *Meehan*, 628 A.2d at 1157; *see also Commonwealth v. Powell*, 787 A.2d 1017, 1019 (Pa.Super. 2001) (establishing test for knowing, intelligent, and voluntary waiver of counsel in post-conviction and appellate proceedings).

On October 27, 2017, and in accordance with our remand order, the trial court filed a *Grazier* hearing transcript with this court of the proceeding that it conducted on October 13, 2017. That colloquy demonstrates that appellant acknowledged that he understood his right to be represented by counsel. (Notes of testimony, 10/13/17 at 2-3, 5.) The colloquy also reveals that appellant acknowledged that he understood that he would be bound by the applicable procedural rules of court and that if he failed to timely assert rights, those rights may be permanently lost. (*Id.* at 7, 9.)

Therefore, the colloquy demonstrates that appellant's decision to proceed *pro se* on direct appeal was a knowing, intelligent, and voluntary one.

With respect to this appeal, we preliminarily note that the trial court ordered appellant to file a concise statement of errors of complained of on appeal pursuant to Pa.R.A.P. 1925(b) by February 7, 2017. Appellant timely complied. In that statement, appellant framed his issues, as follows:

> [1.] Defendant and [a]ppellant believes that he was ineffectively represented by Attorney Andre [sic] Thompson in the Schuylkill County Public Defender's Office for lack of motions to surpress [sic] evidence, actually refusing to, motions to challenge probable cause for arrest warrant, and absence of impeachment of the Commonwealth's witness[.]

> [2.] Defendant and [a]ppellant believes that in accord with Pennsylvania Rules [sic] 403 – Impeachment Evidence, Bias, Interest, or Curruption [sic] states, if a witness testifies for the Commonwealth either pursuant to a deal or while criminal charges are pending against him/or her the accused is entitled to establish those facts to demonstrate interest and bias. A witness testifying under grant of immunity may be impeached thereby. If an accomplice testifies in a criminal case, bias and interest may always be explored. Failure of the prosecution to disclose an agreement to the defense may violate the defendant's constitutional rights, even if the agreement is contingent or not fully defined. For example, in criminal cases, it is customary for prosecution to reveal the existence of a plea bargain with a witness, although prosecution questioning eliciting the details of a plea agreement from a cooperating witness may represent improper bolstering. Failure to cross examine [sic] a prosecution witness on bias

> may be ineffective assistance of counsel. Proof of bias, interest, or corruption may incidentally expose otherwise inadmissible facts to the jury. All of which were never executed by Attorney Thompson which inevitably led Attorney Thompson to recuse herself from my case after verdict of guilty, authorized by you, yourself Judge Dolbin.
>
> [3.] Defendant and [a]ppellant reiterates, that for failure of the public defender's office or trial court to adequately address the breakdown in attorney client [sic] relationship in the prior months to trial, rendered the [d]efendant and [a]ppellant with ineffective counsel, along with the prosecutorial misconduct and bad acts which was [sic] a direct result of a mis trial [sic] in front of The Honorable Judge Baldwin in a very similar almost identical situation.

Appellant's "motion to court in compliance to rule 1925-opinion in support of order," 2/1/17 at unnumbered pages 2-3 (alphabetic paragraph references replaced with numerals).

On February 15, 2017, the trial court filed its Rule 1925(a) opinion[4] in which it concluded that appellant's "principle issues in this appeal are not discernable" from his Rule 1925(b) statement and that his ineffective assistance of counsel claims are not cognizable on direct appeal. (Trial court opinion, 2/15/17.) The trial court attached its December 7, 2016 order

---

[4] We note that on February 21, 2017, which was after the trial court filed its Rule 1925(a) opinion on February 15, 2017, appellant filed a document titled, "supplemental reasons for notice of appeal Pa.R.A.P. Rules 902, 904, 905." Although this document is largely unintelligible, to the extent that appellant filed this as a supplemental Rule 1925(b) statement, he did so without leave of court and in an untimely manner.

denying appellant's post-sentence motion which contained its reasoning for denying that motion to its Rule 1925(a) opinion. (***Id.***)

A concise statement on appeal must be specific enough for the trial court to identify and address the issue or issues that the appellant wishes to raise on appeal. ***In re A.B.***, 63 A.3d 345, 350 (Pa.Super. 2013).

> Pennsylvania Rule of Appellate Procedure 1925 provides that a Rule 1925(b) statement "shall concisely identify each ruling or error that the appellant intends to challenge with sufficient detail to identify all pertinent issues for the judge." Pa.R.A.P. 1925(b)(4)(ii). "Issues not included in the Statement and/or not raised in accordance with the provisions of this [Rule] are waived." Pa.R.A.P. 1925(b)(4)(vii).
>
> This Court has considered the question of what constitutes a sufficient 1925(b) statement on many occasions, and it is well-established that "Appellant's concise statement must properly specify the error to be addressed on appeal." ***Commonwealth v. Hansley***, 2011 PA Super 129, 24 A.3d 410, 415 (Pa. Super. 2011), ***appeal denied***, 613 Pa. 642, 32 A.3d 1275 (2011) (citation omitted). "[T]he Rule 1925(b) statement must be specific enough for the trial court to identify and address the issue an appellant wishes to raise on appeal." ***Id.*** (brackets, internal quotation marks, and citation omitted). Further, this Court may find waiver where a concise statement is too vague. ***Id.*** "When a court has to guess what issues an appellant is appealing, that is not enough for meaningful review." ***Commonwealth v. Dowling***, 2001 PA Super 166, 778 A.2d 683, 686 (Pa. Super. 2001) (citation omitted). "A Concise Statement which is too vague to allow the court to identify the issues raised on appeal is the functional equivalent of no Concise Statement at all." ***Id.*** at 686-87.

***Id.***

Here, appellant's "concise statement" is the functional equivalent of no statement at all. Therefore, appellant waives all issues on appeal. Even if, however, appellant's issues were not waived for failure to comply with Pa.R.A.P. 1925(b), appellant's claims of ineffectiveness of counsel are not cognizable on direct appeal. "It is well-settled that, absent circumstances not present in the case at bar, 'claims of ineffective assistance of counsel are to be deferred to PCRA review[.]'" *Commonwealth v. Reid*, 117 A.3d 777, 786 (Pa.Super. 2015), quoting *Commonwealth v. Holmes*, 79 A.3d 562, 576 (Pa. 2013).

Nevertheless, we have reviewed appellant's "brief." Preliminarily, we note that it fails to include a statement of questions presented. We have recognized that the omission of a statement of questions presented is "particularly grievous since the statement . . . defines the specific issues this court is asked to review." *Smathers v. Smathers*, 670 A.2d 1159, 1160 (Pa.Super. 1996), quoting *Commonwealth v. Maris*, 629 A.2d 1014, 1016 (Pa.Super. 1993). "When the omission of the statement of questions presented is combined with the lack of any organized and developed arguments, it becomes clear that appellant's brief is insufficient to allow us to conduct meaningful judicial review." *Smathers*, 670 A.2d at 1160. Here, in addition to failing to include a statement of questions presented, appellant also failed to include a statement of jurisdiction, a statement of both the scope of review and the standard of review, and a statement of the case.

Appellant's "brief" also lacks organization, as well as citations to the record. Consequently, even if appellant did not waive his appellate issues for failure to comply with Pa.R.A.P. 1925(b), the substantial defects in his "brief" would have precluded us from conducting any meaningful judicial review, and we would have dismissed this appeal.[5]  **See** Pa.R.A.P. Rule 2101; **see also Smathers**, 670 A.2d at 1160-1161.

Order affirmed.


Judge Moulton did not participate in the consideration of this decision.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/30/18

---

[5] Finally, we note that within appellant's "brief," appellant attempts to raise a double jeopardy issue, a discovery issue, a claim that his right to allocution was violated, and a jurisdictional challenge.  Appellant failed to raise these issues below and notwithstanding the deficiencies in appellant's Rule 1925(b) statement and in his brief, he would have waived these issues on appeal for that reason.  **See** Pa.R.A.P. 302(a) ("Issues not raised in the lower court are waived and cannot be raised for the first time on appeal.").